UNITED STATES of America

v.

**Joyce and Emma KATZBERG.**

**Nos. Misc. 01–M–009H, Misc. 01–M–010H.**

United States District Court,
D. Rhode Island.

Feb. 26, 2001.

Richard Rose, for plaintiffs.

David Cicilline, Providence, RI, for defendants.

### MEMORANDUM AND ORDER

HAGOPIAN, United States Magistrate Judge.

Presently before the Court is the application of the defendants, Joyce and Emma Katzberg, to offer the defense of necessity at trial. Defendants' application was treated as a motion, and the government objected thereto. An offer of proof hearing was held on defendants' motion on February 20, 2001. On hearing, a decision was rendered from the bench denying the motion. This memorandum and order will set forth with more particularity the reasons for the denial of the defendants' motion.

### I. Background

Joyce Katzberg and her daughter, Emma Katzberg ("defendants") were arrested on October 16, 2000 at approximately 1: 15 P.M. during a peaceful protest at the United States Naval Station, Newport, Rhode Island. Defendants, along with a group of other demonstrators, were protesting the use of nuclear weapons and nuclear warfare. Defendants contend that the Newport Naval Station educates and trains military officers in use of nuclear weapons and that this education and training violates international law and treaties.

During the October 16th protest, the defendants displayed a black banner which read "No More Nuclear Victims." The defendants thereafter allegedly draped the banner across the highway leading into the base, thereby preventing traffic from entering the naval station. According to the incident reports issued, the defendants were given two warnings to cease and desist with this alleged obstruction of traffic. When they did not comply with removing themselves and the banner from the highway, they were arrested and charged with disorderly conduct under R.I.Gen.Laws 11–45–1(4) pursuant to Assimilative Crimes Act, 18 U.S.C § 13.

The defendants have now asserted the defense of necessity or justification to the disorderly conduct charge. The government promptly objected to the use of such a defense. An offer of proof hearing was held on February 20, 2001. At that hearing, I denied the defendants' motion to offer the defense of necessity or justification, since the defendants failed to set forth any competent evidence or testimony to sustain such a defense. Although I gave reasons for my ruling from the bench, this memorandum and order will serve as a more detailed explanation.

### II. Discussion

■ A court may precluded a defense of necessity where "the evidence, as described in the defendant's offer of proof, is insufficient as a matter of law to support the proffered defense." *United States v. Maxwell–Anthony,* 129 F.Supp.2d 101, 103 (D.P.R. 2000) (*quoting United States v. Dorrell,* 758 F.2d 427, 430 (9th Cir.1985)) (citations omit-

ted). Thus, before presenting evidence at trial, a defendant must demonstrate by a preponderance of the evidence, that a fact finder could reasonably find in his favor with regard to each element of the defense. *Id.*

■ The First Circuit has not adopted a particular formulation for the defense of necessity. *See United States v. Duclos,* 214 F.3d 27, 33 n. 3 (1st Cir.2000). However, several circuits have found the defense of necessity applicable if a defendant demonstrates that (1) the defendant acted to prevent imminent, immediate harm; (2) the defendant had no legal alternative to violating the law; and (3) the defendant reasonably anticipated a direct causal relationship between his conduct and the avoidance of the harm. *Maxwell–Anthony,* at 104; *See United States v. Turner,* 44 F.3d 900, 902 (10th Cir.1995); *United States v. Schoon,* 971 F.2d 193, 195 (9th Cir.1991) (citations omitted); *United States v. Kabat,* 797 F.2d 580, 591 (8th Cir.1986).

Thus, defendants Joyce and Emma Katzberg may only argue the defense of necessity at trial if they demonstrate that obstructing the highway prevented an imminent, immediate harm; that no legal alternative existed to obstructing the highway traffic; and they reasonably anticipated that obstructing the highway would alter the Navy's policy on training and use of nuclear weapons.

After a review of the defendants' motion, of the objection thereto, and of the oral arguments of both the government and defense counsel,[1] I find that the defendants have failed to carry their burden to sustain the defense of necessity at trial. I will explain.

## A. The Defendants were not under imminent harm or danger.[2]

■ The first inquiry a court makes in determining whether the defense of necessity may be presented at trial is whether the defendants, at the time of the alleged illegal conduct, were under a threat of immediate, imminent harm. Defendants, through counsel, argued that the Navy's alleged programs of instruction in nuclear warfare at the Newport Naval Station constitute a grave harm to the defendants. Defense counsel also asserted that the existence of the Naval Station's policy to train officers in nuclear warfare is an ongoing harm, inflicted onto everyone, including himself and this judge. However, the mere existence of a "governmental policy cannot constitute a legally cognizable harm." *Schoon,* 971 F.2d at 197 (citations omitted). "Although a law or policy can result in a general harm, an individual lacks standing in such a generalized harm." *Maxwell–Anthony* at 104, *citing United States v. Lowe,* 654 F.2d 562, 566–67 (9th Cir.1981).

Moreover, such a harm, if one exists, is too far remote to constitute the "imminent" harm required to establish a defense based upon the doctrine of necessity. The defense of necessity is "based on a real emergency. It can only be asserted by defendant who was confronted with such a crisis as a personal danger which did not permit a selection from among several options, some of which did not involve criminal acts. It is not a defense to charges arising from a typical protest." *United States v. Seward,* 687 F.2d 1270, 1275 (10th Cir.1982). Thus, defendants assertion that we, as citizens, are suffering a harm by the Navy's alleged programs of training, fails to satisfy the "imminent" or immediate requirement necessary to sustain the defense of necessity.

Defense counsel, during the hearing, also asserted that the existence of the Naval Sta-

---

1. The defendants submitted four documents in support of their instant motion. They are: (1) Doctrine for Joint Nuclear Operations, dated December 15, 1995; (2) The Fourth Geneva Convention, dated August 12, 1949; (3) A document which can best be described as an internet print out of the "Mission of the Naval War College;" and (4) Report of the Foreign and International Law Committee of the New York County Lawyers' Association On the Unlawfulness of Use and Threat of Use of Nuclear Weapons. During the hearing, I ruled that these documents had no relevance to the instant motion, and are matters best left to political branches of the government.

2. The issue of whether the defendants may assert the defense of necessity can be resolved by determining that there is an lack of evidence with respect to one of the three required elements. However, in this memorandum and order, I will discuss why the defendants have failed to meet their burden with respect to all three elements.

tion's policy to train officers in nuclear warfare is a violation of international law and treaties. Such allegations of violations of international law involve political questions, and have no relevance to the offense charged.

This court does not:

[s]it to render judgments on the legality of the conduct of the government at the request of any person who asks us to because [she] happens to think that what the government is doing is wrong. [The defendants] must be able to show some direct harm to [themselves], not a theoretical harm to all of us that may or may not occur. To consider [defendants'] argument would put [the court] in a position of usurping the functions that the Constitution has given to the Congress and to the President.

*United States v. May*, 622 F.2d 1000, 1009 (9th Cir.1980) (*citing* U.S. CONST. Art. I, § 8, clauses 11, 12, 13, 14, 15, 16, 17, 18; U.S. CONST. Art. II § 2, clauses 1,2; *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974)).

Thus, as a matter of law, the existence of the Navy's policy to train officers in nuclear warfare cannot constitute a legally cognizable harm. The defendants have failed to proffer any evidence whatsoever of an imminent and immediate threat to their personal safety, and accordingly, have failed to meet their burden necessary to advance the defense of necessity at trial. This court will not sit to adjudicate claims involving political questions made on alleged violations of international law or treaties.

**B. The Defendants had other legal alternatives than to violate the law.**

The next inquiry a court must make in determining whether the defense of necessity may be presented at trial is whether the defendants had any other legal alternatives to violating the law. Defendants argue that they had no legal alternatives to obstructing highway traffic at the Naval Station.

"Legal alternatives will never be deemed exhausted when the harm can be mitigated by [political] action." *Schoon*, 971 F.2d at

198; *see also Turner*, 44 F.3d at 902 (noting that the availability of reasonable alternatives precludes a necessity defense). If a court were to hold otherwise, it risks sanctioning a defendant's circumvention of democratic, decision making processes and his rejection of the course of action chosen by elected representatives. *See Kabat*, 797 F.2d at 591–92 (noting that a court which permits a necessity defense to excuse criminal activity makes a negative political or policy judgement about a course of action which was properly chosen by other branches of government); *Dorrell*, 758 F.2d at 432 (finding that defendant's belief "differed little from many whose passionate beliefs are rejected by the will of the majority legitimately expressed.")

Here, it can not be said that the defendants had no other legal alternatives, other than obstructing the highway. Defendants could have continued their protest alongside the highway, without obstructing traffic, written to their congressman, written editorials to be published in the newspaper, distributed pamphlets discussing their cause, or, as they did on the day of the hearing in this case, picketed in front of the courthouse to express their views. To hold that the defendants here had no other legal alternative other than obstructing the highway to bring their cause to society's attention is simply illogical.

Protestor cannot create "necessity" through their own impatience with the less visible and more time consuming alternatives. *Kabat*, 797 F.2d at 591. It is not relevant, as defense counsel asserted during oral arguments, that other protest activities have been unavailing; a lack of results might mean only that the will of the majority, legitimately expressed, had prevailed. *See id.* The necessity defense was not intended to excuse criminal activity by those who disagree with decisions and policies of the lawmaking branches of government. *Id.* Opportunities for speech and political participation make the necessity defense unavailable to these defendants.

Accordingly, I find that the defendants have failed to proffer any evidence or testimony that would demonstrate that no other legal alternatives were available to them.

Thus, the defendants can not assert the defense of necessity at trial.

## C. No causal relationship exists between the criminal conduct and the harm to be averted.

■ The final inquiry a court makes in determining whether a defendant will be permitted to present the defense of necessity at trial is whether there is a likelihood that the alleged harm will be abated by the taking of illegal action. Here, defendants would have to establish that obstructing the highway could reasonably lead to halt the teachings of nuclear warfare at the Naval Station. However, defendants have failed to proffered any evidence or testimony that would demonstrate that their obstruction of the highway would lead to a change in the Navy's instruction and training programs on nuclear warfare. Moreover, any alleged connection between obstructing the highway and the Navy's policies on nuclear weapons is too tenuous and uncertain. *See. e.g. United States v. Kroncke,* 459 F.2d 697, 701 (8th Cir.1972).

Accordingly, as a matter of law, I find that the defendants have failed to set forth evidence that would establish the requisite causal connection between the harm to be averted and the criminal conduct. Thus, the defendants are prohibited from presenting the necessity defense at trial.

### III. Conclusion

For the reasons stated above, the defendants' motion to present the defense of necessity at trial is **DENIED.**

IT IS SO ORDERED.